Memaj v Brotherhood Synagogue (2024 NY Slip Op 00868)

Memaj v Brotherhood Synagogue

2024 NY Slip Op 00868

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Rosado, JJ. 

Index No. 32702/19 Appeal No. 1712 Case No. 2023-03318 

[*1]Ardit Memaj, Plaintiff,
v
The Brotherhood Synagogue, Defendant.
The Brotherhood Synagogue, Third-PartyPlaintiff-Respondent,
v
IRLSystems,Inc., Third-Party Defendant-Appellant.

Marshall, Conway, Bradley & Gollub, P.C., New York (Debbie-Ann Morley of counsel), for appellant.
Molod Spitz & DeSantis, P.C., New York (Robert A. Von Hagen of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered January 9, 2023, which, to the extent appealed from, denied third-party defendant IRL Systems, Inc.'s motion for summary judgment dismissing third-party plaintiff The Brotherhood Synagogue's (the Synagogue) claim for contractual indemnification, unanimously affirmed, without costs.
Plaintiff, an employee of IRL, was injured while he was performing duties pursuant to a contract IRL had with the Synagogue for fire alarm and sprinkler services. The court correctly denied IRL's motion for summary judgment dismissing the Synagogue's claim for contractual indemnification. Although IRL and the Synagogue entered into a contract in 2007, which did not contain an indemnification provision, they subsequently entered into a contract in 2016 which contained an indemnification provision and merger clause. The 2016 contract therefore superseded the 2007 contract, especially in light of the fact that the type of work that IRL was to perform pursuant to the 2016 contract was the type of work that was being performed at the time of plaintiff's accident (see Hyuncheol Hwang v Mirae Asset Sec. [USA] Inc., 165 AD3d 413, 413 [1st Dept 2018], lv denied 32 NY3d 910 [2018]). Although the 2016 contract was not fully executed, there was objective evidence that the parties intended to be bound by its terms (see Ajche v Park Ave. Plaza Owner, LLC, 171 AD3d 411, 414 [1st Dept 2019]; Smith v 21 W. LLC Ltd. Liab. Co., 29 AD3d 360, 361 [1st Dept 2006], lv denied 9 NY3d 807 [2007]).
We have considered IRL's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024